In re Janice E. DEVALL, Daisy Barnes, Authurine Hicks, Juanita Johnson, Roland G. Cohen, James Roscoe McClain, Betty Jean Holloman, W. A. Beesley, Jr., and Ramona H. Beesley, Debtors.

Richard E. THOMPSON, Standing Trustee of Debtor Cases, Plaintiff,

v.

UNITED STATES of America, Social Security Administration; Charles Wofford, Director, Social Security for State of Alabama; Robert Gurske, Director, Social Security for Southern District of Georgia, Defendants.

Bankruptcy Nos. 80–00156, 79–10746, 80–00528, 80–01183, 80–01311, 80–01332, 80–01362 and 80–01373.

United States Bankruptcy Court,
M. D. Alabama.

Oct. 27, 1981.

Samuel E. Kaufman, Ball, Ball, Duke & Matthews, Montgomery, Ala., for trustee.

Linda Cole, U. S. Dept. of Justice, Washington, D. C., and Calvin Pryor and Jim Wilson, Asst. U. S. Attys., Montgomery, Ala., for defendants.

## THIRD INTERLOCUTORY ORDER

LEON J. HOPPER, Bankruptcy Judge.

The debtor, Janice Devall, filed a Chapter 13 case on January 28, 1980. An income deduction order as provided for by Section 1325(b) of the Bankruptcy Code was issued to the Social Security Administration on June 8, 1980. Similarly, income deduction orders were subsequently entered in each of the other above styled cases.

On June 8, 1981, Richard E. Thompson, the Standing Trustee for Chapter 13 Cases, filed a motion for an order to show cause why the Social Security Administration should not be held in contempt of this court, alleging that the Administration had failed to comply with any of the income deduction orders directed to it by this court in these cases. A hearing was held on June 24, 1981, upon that motion and an interlocutory order entered on July 8, 1981, which incorporated an interim agreement between the Trustee and the Administration. The motion for order to show cause was continued until September 2, 1981, and the Trustee was authorized to name additional defendants by amendment.

The Trustee filed an amended motion for order to show cause on July 30, 1981, adding the individual defendants and alleging that the Social Security Administration continued to be in default of the income deduction orders and that the Administration had failed to comply with the first interim agreement. On September 2, 1981, a second interim agreement was entered into by the parties and ordered approved by the court. A continuance of the contempt hearing until September 30, 1981, was ordered. The matter is now before the court on the amended motion to show cause filed on July 30, 1981, by the Trustee. Also before the court is the motion to dismiss the individual defendants, Charles Wofford and Robert Gurske, filed by defendants on September 30, 1981, the date of this hearing.

Although the testimony reveals a great lack of communication within the agency and a lack of knowledge of the orders on the part of certain officials, the Social Security Administration, through other officers and employees, was aware of the income orders. The United States Attorney represents the Administration and pleadings were entered on its behalf as early as August 7, 1980. Mr. Benedict, the regional counsel for the Administration, testified that he was aware of the income deduction orders in this case in July, 1980. Officials and employees of the Social Security Administration over an extensive period of time made no effort to comply with the orders of this court, have not implemented procedures by which the agency might comply, and have not studied the situation in terms of how compliance might be achieved.

The first interim agreement filed with this court on June 24, 1981, and confirmed by this court's interlocutory order of July 7, 1981, has not been complied with by the Social Security Administration. While testimony was offered concerning difficulties in complying with this agreement, it was not explained why it was possible for the Administration to comply with such an agreement in the Eastern District of Tennessee and at a much earlier date.

There was conclusive evidence presented to the court that the computer system currently operated by the Social Security Administration is incapable of "splitting checks", that is, incapable of deducting a specified amount from a recipient's monthly compensation and forwarding that amount to the Trustee with the remaining benefits being paid directly to the recipient. The Administration proposes that the matter be handled by feeding change of addresses into the system whereby the entire check of the debtor will be forwarded to the office of the Trustee. The Trustee, through counsel, agreed that this procedure is and will be acceptable until such time as the Administration is able to program its computer system to fully comply with the withholding provision of the court's orders. This is the

essence of the second interim agreement of September 2nd. The Administration offered testimony by its officials and the court finds that the agency is now endeavoring to comply with the second interim agreement.

Defendant Gurske had no knowledge of any orders issued by this court until August 1, 1981, when he was served a copy of the amended order to show cause naming him as a defendant. He testified that he immediately referred the matter to the regional counsel for the Social Security Administration in Atlanta.

Defendant Wofford had no knowledge of the income deduction orders. He was not aware of the existence of the second interim agreement of September 2, 1981, until the date of this hearing, September 30, 1981. The second interim agreement had been signed by an Assistant United States Attorney on behalf of all the defendants in this case.

The court finds that the defendants, Charles Wofford and Robert Gurske, are not in contempt of this court at this time. Neither of these officials of the Social Security Administration was given reasonable opportunity to carry out the orders of this court.

The court finds that the Social Security Administration, an agency of the United States Government, is in contempt of this court for its failure to comply with and carry out orders of this court directed to it in these cases and particularly for its failure to act in good faith prior to September 2, 1981.

It is ORDERED that the Trustee's motion be and it is hereby continued to November 4, 1981, at 1:30 p. m.

It is further ORDERED that at the continued hearing on November 4, 1981, the court will consider only testimony and evidence bearing on the performance of the Social Security Administration, through its officers and employees, subsequent to the date of the hearing September 30, 1981, and such other testimony and evidence which might relate to compensatory damages,

fines, punitive damages, and the Trustee's costs of litigation in this matter.

It is further ORDERED that the Social Security Administration is in contempt of this court by reason of its failure to carry out the orders of this court as set out above.

It is further ORDERED that the individual defendants, Charles Wofford and Robert Gurske, are not in contempt of court as of the date of this hearing for the reasons above stated and that a final ruling on the motion to dismiss these individual defendants is reserved pending a review of their performance between the hearing dates September 30 and November 4, 1981.

It is further ORDERED that the Trustee is entitled to be compensated by the Social Security Administration for his reasonable costs and expenses incurred in this litigation, including a reasonable attorney fee for his counsel, which fee will be set by the court upon proper application.

It is further ORDERED that the parties' right of appeal be preserved pending the final order of this court in this matter.

It is further ORDERED that all other matters not specifically decided herein be and are hereby reserved.